# Third District Court of Appeal

## State of Florida

Opinion filed August 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1244
Lower Tribunal No. FHFC No. 2017-029GA
_____

**Pinnacle Housing Group, LLC, et al.,**
Petitioners,

vs.

**Florida Housing Finance Corporation,**
Respondent.

A Case of Original Jurisdiction – Petition for Review.

Carlton Fields, and Peter D. Webster (Tallahassee); Alan Rosenthal, Natalie J. Carlos, and David L. Luck, for petitioners.

Ausley McMullen, Michael J. Glazer, and Erik M. Figlio, (Tallahassee); Marisa G. Button, Assistant General Counsel (Tallahassee), for respondent.


Before ROTHENBERG, C.J., and LOGUE and LUCK, JJ.

LOGUE, J.

Pinnacle Housing Group, LLC, PHG Builders, LLC,  and their principals,

Felix Braverman, David O. Deutch, Mitchell M. Friedman, Michael M. Friedman,

and Louis Wolfson, III (the Companies and their Principals) seek review of a temporary order of suspension entered by the Florida Housing Finance Corporation (the Agency). The order suspends the ability of the Companies and their Principals to participate in the Agency's funding programs until entry of a final order in the Agency's administrative action charging the Companies and their Principals with misrepresentation and fraud. We deny the petition.

Facts

The Companies and their Principals are in the business of developing affordable housing by obtaining funding from government sources. The Agency, a corporation created by the State of Florida and subject to the Administrative Procedures Act, is in the business of providing such funding for affordable housing. The temporary order of suspension bars the Companies from receiving funding from the Agency.

The temporary order of suspension stems from the circumstances in which the Companies and their Principals created and used a related company, DAXC, LLC, in its contracts with the Agency. In March 2017, the United States Attorney for the Southern District of Florida filed an indictment against DAXC. The indictment charged that DAXC "did knowingly and willfully embezzle, steal, purloin, and convert to its own use" Agency money by submitting inflated construction estimates.

2

In February 2017, DAXC entered into a deferred prosecution agreement with the U.S. Attorney in which DAXC agreed to pay a fine of $1 million and forfeit $4,212,825. In the agreement, DAXC admitted it "was a shell construction subcontractor, which was set up to inflate the cost of four low-income housing contracts and obtain excess federal funds that ultimately went for the personal benefit of five individuals associated with DAXC and its affiliates."

Upon learning of these circumstances, the Agency conducted a meeting pursuant to Florida Administrative Code Rule 67-48.004(2)(a), which provides that applicants for funding to the Agency will be ineligible if "the Applicant or any Principal, Financial Beneficiary, or Affiliate of the Applicant has made a material misrepresentation or engaged in fraudulent actions in connection with any Application for a[n Agency] program." The Rule further provides:

> Before any such determination can be final or effective, the Corporation must serve an administrative complaint that affords reasonable notice to the Applicant of the facts or conduct that warrant the intended action, specifies a proposed duration of ineligibility, and advises the Applicant of the opportunity to request a proceeding pursuant to Sections 120.569 and 120.57, F.S. Upon service of such complaint, all pending transactions under any program administered by the Corporation involving the Applicant, or any Principal, Financial Beneficiary or Affiliate of the Applicant shall be suspended until a final order is issued or the administrative complaint is dismissed.

Fla. Admin. Code R. 67-48.004(2)(b).

3

At the meeting, the Companies and their Principals appeared through David Deutch, Mitchell M. Friedman, and Louis Wolfson, III. Mr Deutch spoke at length. Mr. Deutch conceded the existence of the deferred prosecution agreement, but indicated he merely conceded to inflating costs – not stealing money. At the end of the meeting, the Agency entered the temporary order of suspension at issue and filed and served the required administrative complaint. In addition to contesting the administrative complaint, the Companies and their principals filed the instant petition for review.

<u>Analysis</u>

The Companies and their Principals seek review of the temporary order of suspension under section 120.68(1)(b), Florida Statutes, which provides that a "preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

The Companies and their Principals first argue that the temporary order of suspension is fundamentally flawed because the suspension includes five named projects already in the pipeline that the Agency Board expressly voted to exclude from the suspension. While the order was stayed and this matter was pending, the Agency requested that jurisdiction be relinquished so this issue could be addressed.

4

We granted the motion and the Agency entered an amended temporary suspension order which removed from the suspension those five projects. The Companies and their Principals nevertheless argue that this change itself was irregular. We decline to review their complaint in this regard because the pending administrative procedure provides an adequate forum to address those concerns.

The Companies and their Principals next argue that Rule 67-48.004(2) is facially unconstitutional because it "provides no procedural safeguards." "A facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the Act would be valid." Fla. Dep't of Revenue v. DIRECTV, Inc., 215 So. 3d 46, 50 (Fla. 2017) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). In making their facial challenge, the Companies and their Principals fail to demonstrate that no set of circumstances exist under which the Rule would be valid.

"[U]nlike some legal rules, due process is not a technical concept with a fixed content unrelated to time, place and circumstances." Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001) (citation omitted). "Instead, due process is flexible and calls for such procedural protections as the particular situation demands." Id. (citation and internal quotations omitted). "Three factors are relevant in determining what

process is constitutionally due: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest." Id. at 948-49.

Regarding these factors, the government's interest here is heightened. Its interest is to prevent government funds and tax credits dedicated to promoting affordable housing from being waylaid by a person or the person's affiliates after a preliminary finding has been made that the person or the affiliates have already made misrepresentations or engaged in fraud regarding affordable housing programs. The interest of the person suspended in these circumstances is commensurately reduced: his interest is to continue to be eligible to apply for such funding after he has been preliminarily determined to have engaged in misrepresentation or fraud in prior applications.

With this background in mind, we turn to a review of the procedures in Florida Administrative Rule 67-48.004(2). In the first place, the Rule has a significant pre-deprivation safeguard to protect a person from being wrongfully made ineligible. A person cannot be suspended unless "[t]he Board determines that the Applicant or any Principal, Financial Beneficiary, or Affiliate of the Applicant has made a material misrepresentation or engaged in fraudulent actions in connection with any Application for a Corporation program." Fla. Admin. Code

6

R. 67-48.004(2)(a). The requirement that such a determination be made by the Agency before any suspension serves to limit or prevent wrongful suspensions. Moreover, a process that allowed a suspension only after a full trial and hearing would create a substantial risk that the party might embezzle more money in the interim. Here, the Agency made this determination at a meeting at which the Companies and their Principals appeared and had input.

Moreover, due process can be provided by post-deprivation procedures in the proper circumstances. Massey v. Charlotte Cty., 842 So. 2d 142, 146 (Fla. 2d DCA 2003) ("Procedural due process does not always require a predeprivation hearing. In some cases, a postdeprivation hearing is sufficient. This is particularly so in cases where there has been some initial predeprivation procedure."). Rule 67-48.004(2)'s substantial pre-deprivation safeguard is bolstered by its substantial post-deprivation safeguards.

The Rule provides that, even after this determination is made, no suspension will take effect unless and until the Agency files "an administrative complaint that affords reasonable notice to the Applicant of the facts or conduct that warrant the intended action, specifies a proposed duration of ineligibility, and advises the Applicant of the opportunity to request a proceeding pursuant to Sections 120.569 and 120.57[, Florida Statutes]." Fla. Admin. Code R. 67-48.004(2)(b). This

7

portion of the Rule provides parties who are suspended an immediate forum to litigate the merits of the suspension.

In order for these safeguards to be facially invalid, it must be shown they have no legitimate or constitutional application. But these safeguards would obviously be adequate to prevent undue wrongful deprivations where, for example, the pre-deprivation determination was based on a party's own admission that it had engaged in fraudulent actions in connection with its application. Frankly, another example would appear to be what occurred here—where an affiliated company paid fines, submitted to asset forfeiture, and admitted in an agreement with federal prosecutors that it had served as a shell in order to obtain the Agency's funds by inflating construction costs. And one can easily envision examples of where the pre- and post-deprivation procedures would also serve to prevent undue wrongful deprivations and immediate remedies in the form of administrative or judicial stays. Thus, while there might be instances in which these provisions do not provide adequate due process when applied to particular facts, we have no difficulty finding there are circumstances in which these procedures are adequate. We therefore uphold Rule 67-48.004(2) against the Companies' and their Principals' challenge that it is facially unconstitutional.

Finally, the Companies and their Principals contend Rule 67-48.004(2)(b) constitutes an invalid exercise of delegated legislative authority. We decline to

review this claim as section 120.56, Florida Statutes, provides a fully adequate, and therefore required, administrative forum to raise this claim.

Petition denied.